UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANN DAUGHERTY,

    Plaintiff,

v.

OPPENHEIMER & CO., INC.,

    Defendant.

_____/

No. C 06-7725 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO STAY THIRD THROUGH ELEVENTH CAUSES OF ACTION**

    Before the court is defendant's motion for an order dismissing the third through eleventh causes of action, or staying those claims pending resolution of similar claims pending in a concurrent state court action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to stay.

## BACKGROUND

    This proposed class/collective action alleges claims under both federal and state law. Plaintiff Ann Daugherty was employed as a securities broker by defendant Oppenhiemer & Co., Inc. ("Oppenheimer"). Oppenheimer – a registered broker-dealer and investment advisory firm – provides financial services and advice to high net-worth individuals, businesses, and institutions.

    The complaint in the present action was filed on December 18, 2006. Plaintiff brings the class action on behalf of all current and former brokers in the State of California, who

are or were employed by Oppenheimer, to recover overtime compensation and other wages due under California law.  Plaintiff seeks to represent two California sub-classes – all current securities brokers who worked for Oppenheimer in California selling financial products (or being trained to sell financial products) from December 16, 2002, up to the time the action is certified as a class action; and all former securities brokers who worked for Oppenheimer in California selling financial products (or being trained to sell financial products) during any period from December 16, 2002, up to the time the action is certified as a class action.

Plaintiff also brings the action as a nationwide collective action on behalf of all securities brokers, financial advisors, financial services representatives, investment executives, and financial consultants who are or were employed by Oppenheimer during the period from December 18, 2003, except those employed in the State of New York, to recover unpaid overtime compensation under federal law.

Plaintiff alleges ten causes of action, numbered as Nos. 1-4 and 6-11.[1]  Plaintiff asserts (1) a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), for failure to pay overtime compensation; (2) a claim under the FLSA, for failure to pay for actual hours worked (payment on commission basis, regardless of actual hours worked); (3) a claim under California Business & Professions Code §§ 17200 and 17203 for restitution of overtime pay, due to plaintiff and the members of the proposed California class under the FLSA; (4) a claim under Business & Professions Code §§ 17200 and 17203 for restitution of overtime pay, due to plaintiff and members of the proposed California class under the California Labor Code and California Wage Orders; (6) a claim under California Labor Code § 1194 to recover overtime wages; (7) a claim under California Wage Order 4-2001, 8 C.C.R. § 11000, to recover wages paid for each hour worked; (8) a claim under California Labor Code §§ 201 and 202 for wages owed, but not paid, to class members when they left their employment with Oppenheimer; (9) a claim under California

---

[1] There is no fifth cause of action.

2

Labor Code § 226.7, for compensation for meal breaks; (10) a claim under IWC Wage Order 4, § 12, and California Labor Code § 226.7, for compensation for rest breaks; and (11) a claim under California Labor Code § 226(a), for failure to provide members of the California classes with accurate and detailed records of hours worked and wages earned.

On November 28, 2005, more than a year before the present action was filed, a proposed class action was filed in a California state court by plaintiff Gary Handler ("Handler"), against Oppenheimer (Handler v. Oppenheimer, Los Angeles Superior Court, Case No. BC343542).  The proposed class consists of all California residents who were employed by Oppenheimer as securities brokers or broker trainees in the State of California at any time during the period beginning on November 28, 2001, and continuing through the filing of the complaint (or possibly through the certification of the class).

Handler asserts that Oppenheimer failed to pay its securities brokers and broker trainees overtime pay, failed to maintain adequate records of the proposed class members' work hours, and subjected the proposed class members to unlawful wage deductions. Handler alleges five causes of action under California law: (1) a claim under Business & Professions § 17203 for restitution of overtime pay, due to plaintiff and the members of the proposed class under the FLSA; (2) a claim under Business & Professions Code § 17203 for disgorgement and restitution of unpaid wages, based on unlawful deductions from wages, in violation of California Labor Code §§ 221, 400-410, and 2802; (3) a claim for recovery of penalties, pursuant to Labor Code §§ 2698-99 (the "Labor Code Private Attorneys General Act of 2004"), including penalties for violations of Labor Code §§ 203, 210, 226.3, 558, and 1174.5; (4) a claim for recovery of "waiting time" penalties, pursuant to Labor Code § 203, including penalties for failure to pay wages by the deadlines set forth in Labor Code §§ 201 and 202; and (5) a claim under Labor Code § 226.7, for recovery of compensation for rest and meal breaks.

Handler filed a motion for class certification in March 2007.  The motion was set for hearing on June 28, 2007.

**DISCUSSION**

3

A.     Legal Standard

For reasons of "wise judicial administration," federal courts may stay a federal action based on "the presence of a concurrent state proceeding." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)). Exact parallelism between the claims is not required – for application of the Colorado River doctrine, it is enough if the two proceedings are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416-17 (9th Cir. 1989).

A stay in favor of state proceedings is appropriate only under "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). A court must consider and weigh several factors when determining the propriety of such a stay. These include (1) whether either court has asserted jurisdiction over a res or property; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties. See Moses H. Cone, 460 U.S. at 21-22; Colorado River, 424 U.S. at 817-19; Nakash, 882 F.2d at 1415. The decision to abstain rests on a careful balancing of these factors as they apply in a given case, "with the balance heavily weighted in favor of exercising jurisdiction." Moses H. Cone, 460 U.S. at 16.

When a district court declines to exercise jurisdiction under Colorado River, it should preferably stay rather than dismiss the federal action. This ensures that the federal forum will remain open if, for some unexpected reason, the state forum proves to be inadequate. "Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 818-19; see also Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir. 1989).

B.     Defendant's Motion

Oppenheimer now seeks an order dismissing or staying the action as to the state law claims (third through eleventh causes of action), pending the disposition of the Handler action. Oppenheimer asserts that the third through eleventh causes of action are either

4

identical to or duplicative of the claims alleged in the <u>Handler</u> action, and that dismissing or staying those claims will be in the interests of wise judicial administration because the <u>Handler</u> action was filed more than a year before this action and is significantly further along, and a decision on the merits in the <u>Handler</u> action will have a preclusive effect on the duplicative claims here.

Oppenheimer argues that the third cause of action in the present case is identical to the first cause of action in <u>Handler</u>; that the fourth, sixth, seventh, and eleventh causes of action in the present case are subsumed in the third cause of action in <u>Handler</u>; that the eighth cause of action in the present case is identical to the fourth cause of action in <u>Handler</u>; and that the ninth and tenth causes of action in the present case are subsumed in the fifth cause of action in <u>Handler</u>.

Oppenheimer contends that the proposed class of California residents who worked for Oppenheimer as securities brokers is exactly the same as the putative class in the <u>Handler</u> action, and argues that determining whether claims are substantially similar turns on whether the underlying issues are the same, not on whether the claims themselves are identical.  Oppenheimer submits that the exact same underlying issue is in dispute in both the <u>Handler</u> action and this action – whether Oppenheimer properly classified its securities brokers in California as exempt employees under federal and state law.

Oppenheimer contends that the <u>Colorado River</u> factors weigh heavily in favor of dismissing or staying the duplicative claims.  Oppenheimer notes that the first factor – whether the court has assumed jurisdiction over a res or property – does not apply here, and that the second factor – the relative convenience of the forums – is neutral, as both courts are in California, and are equally convenient for litigating the duplicative claims.

Regarding the remaining four factors, Oppenheimer contends that the third factor – avoidance of piecemeal litigation – most strongly favors staying or dismissing the duplicative claims, as any decision in the <u>Handler</u> action will have a preclusive effect on the duplicative claims.

Oppenheimer asserts that the fourth factor – the order in which the forums obtained

5

jurisdiction – also strongly favors dismissing or staying this action, as the Handler court obtained jurisdiction in November 2005, and the state court action has progressed well beyond the present case.

In addition, Oppenheimer contends that the fifth factor – whether state or federal law controls – favors stay or dismissal because state law controls the duplicative claims in the present case; and that the sixth factor – the adequacy of the state proceeding – favors stay or dismissal because the members of the proposed class are also members of the proposed class in Handler, and the claims in Handler are substantially similar to the claims in the present case.

In opposition, plaintiff argues first that the claims in the two cases are not "substantially identical," pointing to several differences between the two complaints. First, plaintiff asserts that Handler action seeks recovery for violations of § 17200 based on Oppenheimer's having made "deductions from the wages of securities brokers and broker trainees in violation of" various Labor Code provisions, while there is no such claim in the present complaint.

Second, plaintiff contends that the present complaint seeks recovery of overtime wages, plus interest, attorney's fees, and costs, pursuant to Labor Code § 1194, while the Handler complaint does not mention § 1194.

Third, plaintiff asserts that the present complaint alleges violations of California Wage Order 4-2001, 8 C.C.R. § 11000 (requiring payment of a minimum wage per hour, unless the employee falls under an enumerated exception), while the Handler complaint does not mention the failure to pay minimum wages.

In addition, plaintiff notes that Handler pleads various facts not at issue in the present case – such as that Oppenheimer made improper "deductions from wages" – and refers to various provisions in the Labor Code not mentioned in the present complaint. Plaintiff also contends that the number of potential class members in the present action is greater because the plaintiff in Handler seeks to represent "all California residents who were employed by [Oppenheimer] as securities brokers or broker trainees in the State of

6

California," while plaintiff in the present case seeks to represent both California employees of Oppenheimer, and, pursuant to the FLSA, "all current and former [s]ecurities [b]rokers who have worked for [Oppenheimer]."

Plaintiff argues that dismissal or stay under Colorado River is proper only if the pending state proceeding will resolve all the issues in the federal suit (citing Holder v. Holder, 305 F.3d 854 (9th Cir. 2002), and Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908 (9th Cir. 1993)).  Plaintiff submits that because the present case alleges two causes of action under the FLSA, application of the doctrine will not resolve all the issues in this case.

Plaintiff asserts that Oppenheimer has failed to demonstrate the existence of an exceptional circumstance that justifies imposition of a stay or dismissal, and contends that most if not all of the Colorado River factors do not exist in this case.  Plaintiff agrees with Oppenheimer that the first factor does not apply here, and that the second factor is neutral.

With regard to the third factor – the desirability of avoiding piecemeal litigation – plaintiff claims that a dismissal or stay will not avoid piecemeal litigation because plaintiff will still be required to prove her claims under the FLSA.

With regard to the fourth factor – the order in which the forums obtained jurisdiction – plaintiff contends that it is irrelevant whether the Handler action was filed first, and that the similarities between the two cases will further the defense of the present action. Plaintiff also disputes Oppenheimer's characterization of the Handler case as further advanced.

Finally, plaintiff claims that the fifth factor –  whether state or federal law controls – favors her because she has pled federal claims in this suit; and contends that the sixth factor – whether the state proceeding is adequate to protect the rights of the parties – favors her because the Handler action does not plead all the claims asserted in the present action, and the state court therefore cannot protect all the rights of the parties.

The court finds that the motion must be GRANTED, and that the third through eleventh causes of action should be STAYED.  The court finds that the claims asserted in

7

the third through eleventh causes of action in the present case are substantially similar to the claims in the Handler action because the dispute between the parties concerns the same core factual issues of whether Oppenheimer properly classified its securities brokers in California as exempt employees under federal and state law, and whether Oppenheimer denied overtime pay and meal and rest breaks to non-exempt workers.

The court agrees with Oppenheimer that plaintiff is simply attempting to manufacture differences between the duplicative claims in this case and the claims in Handler, by arguing, for example, that the sixth and seventh causes of this action seek relief under Labor Code § 1194 for failure to pay minimum wage, and that Handler doesn't mention § 1194.  Those claims, just like all the state law claims in this case, concern the core issue of whether Oppenheimer's securities broker employees in California are exempt employees.  The sixth and seventh causes of action in this case are therefore substantially similar to the claims in the Handler action regardless of whether Handler explicitly references § 1194 or asserts a minimum wage claim.

Similarly, plaintiff's argument that the Handler complaint includes additional claims not included here raises no legitimate basis for denying Oppenheimer's motion, because the question under Colorado River is whether the claims in the federal court action are substantially similar to the claims in the state court action, not whether the state court action also includes claims not alleged in the federal action.

In addition, contrary to the argument advanced by plaintiff, the court finds that Colorado River applies even where a state court action will not resolve all the claims in the federal action.  Neither Holder nor Intel supports plaintiff's argument that the Colorado River doctrine may not be used to dismiss or stay only part of an action.  Holder and Intel simply stand for the proposition that a Colorado River motion may not be granted where a defendant seeks to stay claims in the federal court action that are unrelated to the state court claims.  Here, by contrast, Oppenheimer does not seek to stay or dismiss the nationwide collective action claims that will not be resolved by the Handler action.

The Colorado River factors are "to be applied in a pragmatic, flexible manner with a

view to the realities of the case at hand." Moses H. Cone, 460 U.S. at 21. The court has considered all the relevant factors in the context of the present case, and finds that they weigh heavily in favor of staying the duplicative claims.

The first two factors are not relevant here, but the third factor – avoidance of piecemeal litigation – favors granting the stay. The dispute underlying the claims in Handler is whether Oppenheimer improperly classified its brokers as exempt employees, and the same dispute underlies the state law claims alleged in the present action. While it is true that this factor, standing alone, might not constitute exceptional circumstances, see Travelers Indem. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990), the remaining three factors also favor granting a stay.

The fourth factor – the order in which the forums obtained jurisdiction and the progress of such proceedings – favors staying the state law claims in the present action. The Handler action had been pending for over a year when plaintiff filed this action, and the parties in Handler have engaged in discovery and have briefed (and possibly argued) the plaintiff's motion for certification of the California class. No such progress has been made in this case, where the parties' activities have been limited to the exchange of initial disclosures and the briefing of the present motion.

Both the fifth factor – whether state or federal law controls provides the rule of decision on the merits – and the sixth factor – the adequacy of the state court proceeding – also weigh in favor of staying the state law claims in this case because California law controls those claims, and the state court is manifestly competent to decide those California claims.

**CONCLUSION**

In the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," Colorado River, 424 U.S. at 817, the court finds that the third through eleventh causes of action in plaintiff's complaint should be STAYED. The first and second causes of action, and the nationwide collective action, will proceed as directed by the court in the initial case management conference.

The hearing on this motion, noticed for July 11, 2007, is VACATED.[2]

**IT IS SO ORDERED.**

Dated: July 5, 2007

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
PHYLLIS J. HAMILTON
United States District Judge

---

[2] The court advised the parties at the March 29, 2007, case management conference that defendant's motion to dismiss/stay would be decided on the papers.