UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANN DAUGHERTY
              Plaintiff,                              No. C 06-7725 PJH

        v.                                            **ORDER DENYING MOTION
                                                      TO INTERVENE**

OPPENHEIMER & CO., et al.,
              Defendants.
_____/

Now before the court is proposed intervenor Lanny Jay's ("Jay") amended motion to intervene as a plaintiff. Plaintiff Ann Daugherty ("plaintiff" or "Daugherty") and defendants oppose the motion. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the court hereby DENIES the motion for the following reasons.

This proposed class/collective action alleges claims under both federal and state law. Plaintiff, who was employed by defendant Oppenheimer & Co., Inc., seeks to recover overtime compensation and other wages due under California law and under the Fair Labor Standards Act ("FLSA").

Jay seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a). Jay's motion is based on the fact that his deceased predecessor in interest, Barry Hershkoff, had an agreement with plaintiff in which plaintiff agreed to repay Hershkoff a certain sum of money which has yet to be paid. Jay seeks to intervene because he claims he is entitled by contract to part of the compensation that Daugherty seeks in the litigation against defendants.

Intervention as a matter of right under Fed. R. Civ. P. 24(a) is appropriate when (1) the applicant's motion is timely; (2) the applicant claims a significantly protectable interest relating to the property or transaction subject to the action; (3) disposition of the action may impair or impede protection of the interest; and (4) the current parties do not adequately represent the interests of the applicant. Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993).  "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

Jay has not met his burden in showing that all of these requirements for intervention have been met.  First, Jay has failed to show that he has a significantly protectable interest relating to the property or transaction that is the subject of this action.  His sole interest in this action is in the prospective collectability of a debt from plaintiff that arose pursuant to a contract between Jay's predecessor in interest and plaintiff.  That contract has nothing to do with the underlying subject matter of this action – defendant's alleged failure to pay plaintiff overtime and other wages due.  Jay's alleged interest does not support intervention, because a prospective intervenor's economic interest must be both concrete and *related* to the underlying subject matter of the litigation: "A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself." Alisal Water, 370 F.3d at 920 n.3.  The impaired ability to collect judgments that may arise from future claims or past claims does not give rise to a right of intervention. Id. at 920.

Jay also has not demonstrated that his ability to collect the debt from plaintiff would be impaired or impeded by the disposition of this action.  Jay references a pending state court lawsuit against plaintiff in which he has asserted a breach of contract claim for plaintiff's failure to make payments on her debt.  If Jay obtains a judgment against plaintiff in state court, he may enforce it with a judgment lien. See id. at 921.  He therefore has other means by which he may protect his interests.  The mere inconvenience that may be caused by litigating a separate action is not the sort of impairment of interest contemplated by Rule 24(a). Blake v. Pallan, 554 F.2d 947, 954 (9th Cir. 1977).

Finally, as for adequate representation, Jay has not overcome the presumption that plaintiff will adequately protect his interests, as her interest is to recover her back wages in this action, regardless of whether Jay may later attempt to collect on his potential judgment from plaintiff's recovery in this action.

Accordingly, Jay's motion is DENIED, and the September 26, 2007 hearing on this motion is hereby VACATED.

IT IS SO ORDERED.

Dated:  September 13, 2007

PHYLLIS J. HAMILTON
United States District Judge